Charles J. **MANDACINA**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 98–2638.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 7, 2001.

Decided Sept. 10, 2001.

---

1. The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Before WOLLMAN, Chief Judge, HEANEY and FAGG, Circuit Judges.

PER CURIAM.

A jury found Charles J. Mandacina guilty of conspiracy to commit armed robbery, aiding and abetting the sale of firearms to a felon, aiding and abetting armed bank robbery, aiding and abetting the use of a firearm during a crime of violence, and supplying a firearm to a convicted felon. The evidence at trial established Mandacina sold guns to Patrick McGuire, who used them in connection with his bank robbery ring. After an unsuccessful appeal, *see United States v. Crouch,* 46 F.3d 871, 873 (8th Cir.), *cert. denied,* 516 U.S. 871, 116 S.Ct. 193, 133 L.Ed.2d 129 (1995), Mandacina initiated this 28 U.S.C. § 2255 motion. As relevant to this appeal, Mandacina claimed his trial counsel rendered ineffective assistance by failing to call co-defendant McGuire as a witness. The district court denied relief, Mandacina appeals, and we affirm.

Following careful review, *see Forest v. Delo,* 52 F.3d 716, 721 (8th Cir.1995), we agree with the district court that Mandacina's claim of ineffective assistance fails because counsel's decision not to call McGuire was a reasoned tactical decision. *See Strickland v. Washington,* 466 U.S. 668, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Mandacina acknowledges counsel's investigator interviewed McGuire and counsel advised him against calling McGuire because McGuire, a twice-convicted contract murderer who had pleaded no contest to all of the charges in the indictment, had strong personal ties to Mandacina and was vulnerable to cross-examination about uncharged acts of criminal conduct involving Mandacina. These undisputed facts show counsel's tactical decision was made after appropriate investigation and consultation. *See Forest,* 52 F.3d at 722 (denying ineffective-assistance claim because counsel had reasonable basis for not calling witness); *Novak v. Purkett,* 4 F.3d 625, 628 (8th Cir.1993) (noting counsel's decision to refrain from calling a witness who had prior conviction and credibility problems did not constitute deficient performance).

Accordingly, we affirm the judgment of the district court.